IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| James Corey Frazier, #215421 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Stan Burt, Warden ) <br> of Lieber Correctional ) <br> Institution, ) <br> ) <br> Respondent. ) <br> ) | Civil Action No.8:07-1666-GRA-BHH <br><br> **REPORT AND RECOMMENDATION** <br> **OF MAGISTRATE JUDGE** |

The petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the respondent's motion for summary judgment. (Docket Entry # 15.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on June 12, 2007.[1] On October 15, 2007, the respondent moved for summary judgment. By order filed October 16, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On November 19, 2007, the petitioner filed a response.

## PROCEDURAL FACTS

The petitioner is a state prisoner currently incarcerated in Lieber Correctional Institution. On June 7, 1994, the petitioner was indicted for murder. (App. 352-54.) On

---

[1]This date reflects that the petition was stamped as received on June 12, 2007, at the Lieber Correction Institution mailroom (Pet. Ex. 2.) Houston v. Lack, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

August 17-18, 1994, the petitioner was tried before a jury with the Honorable R. Markley Dennis, Jr., presiding. The petitioner was represented by public defender John Drennan. Judge Dennis imposed a life sentence. (App. 351.)  The petitioner timely filed a direct appeal.

The petitioner was represented by Daniel T. Stacey, Chief Attorney of the South Carolina Office of Appellate Defense. The petitioner raised the following issue: "Whether the Court erred and denied due process of law when it refused appellant's request to submit the lesser-included offense of voluntary manslaughter?" On November 27, 1995, the South Carolina Supreme Court affirmed the petitioner's conviction and sentence in *State v. Frazier*, Memo. Op. No. 95-MO-347 (S.C. Sup. Ct. filed November 27, 1995). (App. 220-45.)

On June 18, 1996, the petitioner filed an application for post-conviction relief ("PCR"), alleging ineffective assistance of trial counsel and appellate counsel. (App. 248-255.) On January 22, 2001, a hearing was held before the Honorable James E. Lockemy. The petitioner was present and represented. On April 13, 2001, James Lockemy denied the petitioner's application for PCR. (App. 344-49.)

The petitioner filed an appeal of the denial of PCR relief.  On April 15, 2002, counsel filed a petition for a writ of certiorari raising the following issues:

> 1. Whether the PCR Court erred in finding that Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance for not calling Petitioner to testify at the suppression hearing?
>
> 2. Whether the PCR Court erred in finding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance in not calling Petitioner to testify at trial?
>
> 3. Whether the PCR Court erred in finding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance in not calling known witnesses whose testimony would have been beneficial to Petitioner's cause at trial?
>
> 4. Whether the PCR Court erred in finding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance for not

2

> moving the trial court to exclude the gun admitted into evidence at the trial, or in the alternative, for not objecting to the gun's admissibility based upon its relevancy and based upon chain of custody?

(Pet. for Writ of Cert. 1.) On October 12, 2002, the South Carolina Supreme Court denied the petition and the remittitur was sent down on October 31, 2002.

On June 15, 2007, the petitioner filed this habeas action raising the following grounds:

> **Ground One**: Whether the PCR Court erred in holding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance for not calling Petitioner to testify at the suppression hearing?
>
> **Ground Two:** Whether the PCR Court erred in finding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance in not calling Petitioner to testify at trial?
>
> **Ground Three:** Whether the PCR Court erred in finding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance in not calling known witnesses whose testimony would have been beneficial to Petitioner's cause at trial?
>
> **Ground Four:** Whether the PCR Court erred in finding Petitioner failed to meet his burden of proof that trial counsel rendered ineffective assistance for not moving the trial court to exclude the gun admitted into evidence at the trial, or in the alternative, for not objecting to the gun's admissibility based upon its relevancy and

**Ground Five:** The Court erred and denied due process of law when it refused the appellant's request to charge the jury on voluntary manslaughter.

(Am. Pet. at 1-2.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

3

> there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

The respondent contends that this habeas petition should be dismissed because it was not timely filed within the one-year statute of limitations for filing federal habeas petitions and it is successive. The undersigned agrees.

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d). The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within ten days of his conviction. Rule 203(b)(2), SCACR. If a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. *Crawley v. Catoe,* 257 F.3d 395 (4th Cir. 2001).

5

As noted above, the statute of limitations for filing a habeas action is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled for the entire period of the State PCR process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 196 F.3d 557, 561 (4th Cir. 1999).

The petitioner's direct appeal became final when his conviction was affirmed by the South Carolina Supreme Court on November 27, 1995. Because the petitioner's conviction became final prior to the enactment of the AEDPA, he had one year to file his federal habeas corpus action after the enactment of the AEDPA or by April 25, 1997, unless the period was at any time tolled. *Hernandez v. Caldwell*, 225 F.3d 435 (4th Cir. 2000).

The petitioner filed his state PCR application on October 31, 1996.[2] While the period of limitations for filing his federal habeas action was tolled during the pendency of his PCR, the time began to run again after the South Carolina Supreme Court denied the petitioner a writ certiorari on October 21, 2002. However, the petitioner did not file this federal habeas petition until June 12, 2007, almost over four years too late.

The petitioner does not dispute that this petition is untimely. However, he contends that he is entitled to an equitable tolling of the time period. In December 2002, the petitioner retained counsel, Harry Devoe, Jr., to file a habeas petition on his behalf. (Am. Pet. Attach. 2.) However, Devoe never filed the petition and on December 8, 2006, the petitioner's retainer was refunded to him after he filed a complaint with the South Carolina Bar Association. (*Id.*)

---

[2]The undersigned notes that the petitioner's PCR application is dated June 18, 1996, but it is stamped as having been received by the Clerk of Court on October 31, 1996. (App. 248, 252.) Even using the earlier date would not make the petitioner's habeas petition timely.

To be entitled to equitable tolling, the petitioner must show that there was 1) an "'extraordinary circumstance,' 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4 Cir. 2003). In *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000), the Fourth Circuit Court of Appeals held equitable tolling has been applied in two kinds of situations. In the first situation, the petitioners were prevented from asserting their claims by some kind of wrongful conduct on the part of the respondent and in the second, extraordinary circumstances beyond the petitioners' control made it impossible to file their claims on time. The court concluded that "any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 330. The petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." *Miller v. New Jersey State Dep't of Corrections*, 145 F.3d 616, 617 (3d Cir. 1998).

Here, the petitioner's counsel did not make a mistake in representing the petitioner. Instead, he failed to take any action at all. The behavior of the petitioner's attorney in this case is neither "innocent" nor "garden variety" and it is certainly not excusable. *McLaughlin v. Lee*, 2000 WL 34336152 (E.D.N.C. 2000)(unpublished). *See also Goedeke v. McBride*, 437 F.Supp.2d 590 (S.D.W.Va. 2006); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir.2003) ("Though ordinary attorney negligence will not justify equitable tolling, we have acknowledged that where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling."); *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2d Cir. 2003) (finding attorney conduct that is sufficiently egregious to justify equitable tolling).

However, the petitioner did not diligently present his habeas claims. *See Waldron-Ramsey v. Stewart*, 2007 WL 2439647 at *5 (E.D.Wash. 2007) ("Even if extraordinary circumstances beyond Petitioner's control caused the untimely filing of the

petition, Petitioner is still not entitled to equitable relief because he did not exercise due diligence in presenting his habeas petition") (*citing Mendoza v. Carey*, 449 F.3d 1065, 1071 n. 6 (9th Cir.2006)); *Hunter*, 2007 WL 2265606 at *6 (petitioner's delay in determining the status of his direct appeal negated any contention that petitioner acted with reasonable diligence); *Rodriguez v. People*, No. 01-9374, 2003 WL 289598 at *17 (S.D.N.Y. Feb. 11, 2003) (unpublished decision)(equitable tolling not appropriate, even though attorney failed to file notice of appeal, where it was not reasonably diligent for the defendant to wait over 18 months before inquiring into the status of his appeal); *see also Pace,* 544 U.S. at 418 (if petitioner lacks diligence in pursuing his claims he cannot avail himself of equitable tolling under AEDPA). The petitioner has submitted a letter dated December 8, 2006, from attorney Irby Walker returning the petitioner's retainer as evidence of his belated knowledge that a federal habeas petition had not been filed. In the letter, it is apparent the petitioner filed a complaint with the South Carolina Bar against his attorney sometime prior and obviously knew substantially earlier than December 8, 2006, that no federal habeas petition had been filed.

His efforts to determine the status of his appeal were not reasonably diligent. The petitioner took no independent actions to determine the status of his habeas action. Indeed, he has not alleged that he attempted to contact the Court, nor has he alleged that any extraordinary circumstance prevented him from contacting the Court. Furthermore, once the petitioner discovered his attorney had not filed a habeas action for him in December 2006, he waited another six months to file this action. Thus, the undersigned concludes that the petitioner has failed to show that he has been pursuing these rights diligently but that some extraordinary circumstance stood in his way, and his challenge to his conviction is barred by the statute of limitations.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondent's Motion for Summary Judgment (# 15) be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO RECOMMENDED.

BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

April 14, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).